IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LANCE J. HARRIS, | ) | CASE NO. 3:20-CV-2054 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| vs. | ) | |
| | ) | |
| CITIZENS BANK, *et al.*, | ) | **CITIZENS BANK'S MOTION TO** |
| | ) | **DISMISS AMENDED COMPLAINT** |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant Citizens Bank, N.A. ("Citizens"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Honorable Court to dismiss the Amended Complaint filed by Plaintiff Lance Harris in its entirety. The Amended Complaint fails to state a claim upon which relief can be granted against Citizens because (1) no fiduciary relationship existed between Citizens and Harris; (2) Harris is barred from bringing this action by the terms of the parties' Account Agreement; and (3) Harris cannot assert a due process claim against Citizens, which is not a state actor. There is no set of facts under which Harris can prevail on his claims against Citizens, and Citizens is entitled to dismissal as a matter of law.

Respectfully submitted,

*/s/ Rachael L. Israel*
Karen L. Giffen (0042663)
Rachael L. Israel (0072772)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-Mail: kgiffen@thinkgk.com
risrael@thinkgk.com

**Attorneys for Defendant Citizens Bank, N.A.**

**BRIEF IN SUPPORT**

**I.    INTRODUCTION**

On Monday, February 24, 2020, Plaintiff Lance Harris deposited a $1 million check drawn on the U.S. Treasury into a Citizens business deposit account ending in 9934 (the "9934 Account").[1] The 9934 Account had recently been opened and had a balance of $0.00 when the $1 million check was deposited.[2] On April 10, 2020, Citizens informed Harris that it had debited the 9934 Account in the amount of $944,222.73 (the amount remaining from the $1 million check) as a result of "a forged or counterfeit check claim" brought to Citizen's attention by a third party.[3] Harris repeatedly asked for a further explanation and return of the debited amount.[4] Harris alleges that, because Citizens has "chosen not to cooperate" with these requests, Citizens has "failed in [its] fiduciary responsibilities" and denied Harris "due process."[5]

Harris's claims fail as a matter of law because no fiduciary relationship existed between Harris and Citizens. Harris and Citizen's relationship is governed by a Business Deposit Account Agreement (the "Account Agreement"),[6] which sets forth the parties' rights and responsibilities in connection with the 9934 Account and specifically exempts Citizens from liability relating to disputes between Harris and any third party concerning funds deposited into the 9934 Account. To the extent Harris disagrees with the "forged or counterfeit check claim" presented to Citizens, his

---

[1] Am. Compl. at first paragraph on page 2.

[2] Am. Compl. Ex. A (showing "New Account Balance: $0.00" at time of deposit).

[3] Am. Compl. at "First Cause of Action" & Ex. B.

[4] Am. Compl. at "Second Cause of Action" thru "Sixth Cause of Action."

[5] Am. Compl. at "Sixth Cause of Action."

[6] A true and accurate copy of this Account Agreement is attached hereto as Exhibit A.

2

dispute is with the maker of that claim, and not with Citizens. Finally, because Citizens is not a state actor capable of violating Harris's Due Process rights, that claim must also be dismissed.

## II. STANDARD OF REVIEW

"When a plaintiff is proceeding without the assistance of counsel, a court is required to construe [his] complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers."[7] Despite this indulgence, "even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations on their behalf."[8]

A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), a complaint should be dismissed where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[9] In considering Citizens's Motion to Dismiss, this Court "must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of" Harris.[10] This Court "need not, however, accept as true legal conclusions or unwarranted factual inferences."[11]

In evaluating a Motion to Dismiss, this Court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to

---

[7] ***Bain v. Toledo Municipalities***, No. 3:19-CV-2438, 2020 WL 5798004, at *1 (N.D. Ohio Sept. 29, 2020).

[8] *Id*.; *see also* ***Erwin v. Edwards***, 22 F. App'x 579, 580 (6th Cir. 2001).

[9] ***Kottmyer v. Maas***, 436 F.3d 684, 688 (6th Cir. 2006) (quoting ***Conley v. Gibson***, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[10] *Id*.

[11] *Id*.

the claims contained therein."[12] In this case, the parties' Account Agreement is a binding contract governing transactions on the 9934 Account and central to Harris's claims against Citizens. As a result, it is proper for this Court to refer to the Account Agreement on a Motion to Dismiss.[13]

### III. LAW AND ARGUMENT

#### A. Harris's Breach of Fiduciary Duty Claim Fails Because He Did Not Have a Fiduciary Relationship with Citizens.

Harris alleges that Citizens's failure to respond to his requests for more information and to refund the amount debited from the 9934 Account constitutes a breach of Citizens's fiduciary duties to him. However, Harris fails to allege any facts that would support a finding of a fiduciary relationship between him and Citizens.

A fiduciary relationship is one "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust."[14] A fiduciary is "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking."[15] Indeed, a fiduciary duty is "the highest order of duty imposed by law."[16]

---

[12] *Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 863 (6th Cir. 2020) (quoting *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016)).

[13] *See, e.g., Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) (noting that documents "integral" to Complaint may be relied upon to support dismissal, even if they are not attached or incorporated by reference by the plaintiff).

[14] *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 16 (affirming directed verdict in favor of bank on prospective borrower's breach of fiduciary duty claim) (quoting *In re Termination of Emp. of Pratt*, 40 Ohio St.2d 107, 321 N.E.2d 603 (1974)).

[15] *Id.*; see also *Strock v. Pressnell*, 38 Ohio St.3d 207, 216, 527 N.E.2d 1235 (1988).

[16] *In re Sallee v. Fort Knox Nat'l Bank, N.A.*, 286 F.3d 878, 891 (6th Cir.2002).

On its own, a deposit relationship does not create any special duty on the part of a bank to its customers.[17] Fiduciary relationships can only be established when both parties understand that a special trust or confidence has been reposed.[18] Because Harris has alleged no facts to support a finding that he was in a special relationship with Citizens or that any fiduciary duties were owed to him, Citizens is entitled to dismissal of this claim.

B.  **The Parties' Account Agreement Bars Harris's Claims.**

When Harris opened the 9934 Account, he entered into an Account Agreement with Citizens. The terms of this Account Agreement define the parties' responsibilities and potential liability to each other in connection with the 9934 Account, and they are central to Harris's claims. The Account Agreement expressly relieves Citizens of liability in situations where a dispute arises between the account holder (Harris) and a third party regarding funds accepted by Citizens for deposit:

> **34. Disputes.** Your account may become involved in an actual or potential claim, legal dispute, or legal process (for example, attachment, levy or garnishment) relating to your account (Dispute). In such instances, we may refuse to allow any Transactions on your account until the Dispute is released or we are notified by the proper persons or authorities that the Dispute has been resolved. ***You agree that we [Citizens] will not be liable to you for making a payment to any third party involved in a Dispute even if such payment leaves insufficient available funds in your account to cover any Transactions on your account***. We will not contest a Dispute on your behalf, and we may take action to comply with a Dispute as we may determine to be appropriate under the circumstances ***without any liability to you***. We will, to the extent required by

---

[17] ***Groob***, 2006-Ohio-1189, ¶ 17; ***Collins v. National City Bank***, Case No. 19884, 2003 WL 22971874, at *2 (Ohio App. Dec.19, 2003) (no fiduciary duty owed to a customer by bank which merely acted as a depositary institution); ***Edwards v. Woodforest Nat. Bank***, No. 1:11 CV 2205, 2012 WL 1906309, at *6 (N.D. Ohio May 24, 2012) (granting motion to dismiss because Woodforest acting as a depositary institution with respect to plaintiffs' checks was insufficient to impose fiduciary duties); ***Bank of Am., N.A. v. Corporex Realty & Inv., LLC***, 875 F. Supp. 2d 689, 704-05 (E.D. Ky. 2012) (under Ohio law, banks generally "do not owe a fiduciary duty to their customers or debtors").

[18] ***Groob***, 2006-Ohio-1189, ¶ 17.

Applicable Law, notify you in writing whenever we are notified of a Dispute and place such restrictions on your account.[19]

It is clear from Harris's Amended Complaint that a Dispute arose between him and a third party regarding the $1 million check deposited into the 9934 Account on February 24, 2020. As Harris alleges, Citizens notified him that the balance of the $1 million check had been debited due to a claim that the check was "forged or counterfeit." The Account Agreement makes clear that Citizens had no obligation to contest this Dispute on Harris's behalf and was authorized to determine the appropriate action to take in response to the Dispute, which in this case resulted in Citizens debiting the disputed amount from the 9934 Account. Per the terms of the Account Agreement, Citizens cannot be held liable to Harris for this transaction, and Citizens is entitled to dismissal of all of Harris's claims relating to this Dispute.

C. **Harris's Due Process Claim Fails Because Citizens is Not a State Actor.**

Finally, Harris alleges that Citizens denied him "due process" by refusing to answer his questions or return the funds debited from the 9934 Account. This claim fails as a matter of law. As the Court succinctly explained in **Sanders v. Michigan First Credit Union Tellers**,[20]

> Insofar as [plaintiff] attempts to state a claim of violation of due process against the Bank, his claim fails because the Due Process Clause of the Fourteenth Amendment, like the remainder of the Amendment, applies only to state actors, which the Bank is not.

This Court may take judicial notice of the fact that Citizens is a commercial bank and subsidiary of Citizens Financial Group, Inc.[21] Citizens is not a state actor, and Harris has plead no facts under

---

[19] Ex. A at page 21, ¶ 34 (emphasis added).

[20] No. 10-CV-12517, 2010 WL 3168636, at *2 (E.D. Mich. Aug. 10, 2010) (citing **United States v. Morrison**, 529 U.S. 598, 621, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (noting "provisions of the fourteenth amendment have reference to State action exclusively, and not to any action of private individuals"); **Civil Rights Cases**, 109 U.S. 3, 11, 3 S.Ct. 18, 27 L.Ed. 835 (1883) ("It is state action of a particular character that is prohibited. Individual invasion of individual rights is not the subject-matter of the amendment.").

[21] *See, e.g.,* Corporate Disclosure Statement (Doc. 6).

which Citizens could be found liable to Harris for violation of his federal due process rights.[22] As a result, Citizens is entitled to dismissal of this claim.

### IV. CONCLUSION

For all the reasons set forth above, Citizens respectfully requests that Harris's Amended Complaint be dismissed in its entirety and judgment be issued in favor of Citizens.

Respectfully submitted,

/s/ Rachael L. Israel
Karen L. Giffen (0042663)
Rachael L. Israel (0072772)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-Mail: kgiffen@thinkgk.com
risrael@thinkgk.com

**Attorneys for Defendant Citizens Bank, N.A.**

---

[22] ***Duke v. Isabella Cty.***, No. 07-12656, 2007 WL 2005042, at *1 (E.D. Mich. July 10, 2007) (finding "bank is not a state actor, despite its extensive federal and state regulation, even when a bank's complained-of actions have been explicitly authorized by the state"); ***Davidson v. Bank of Am., N.A.***, No. 1:12-CV-330, 2012 WL 2004403, at *2 (S.D. Ohio June 5, 2012), report and recommendation adopted, No. C-1-12-330, 2012 WL 3544749 (S.D. Ohio Aug. 16, 2012) (same where plaintiff brought pro se action against bank under 42 U.S.C. § 1983); ***Otworth v. PNC Bank***, No. 1:18-CV-625, 2019 WL 192306, at *1 (W.D. Mich. Jan. 15, 2019) (same).

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Citizens Bank's Motion to Dismiss Amended Complaint* was served via Regular U.S. Mail, postage paid, upon the following parties on December 2, 2020:

Lance J. Harris
31 Dickens Drive
Toledo, Ohio 43607-2354
***Pro Se Plaintiff***

Notice of this filing will be sent by operation of the Court's electronic filing system upon the following:

Justine Lara Konicki (jlk@kjk.com)
Jon J. Pinney (jjp@kjk.com)
Alexis V. Preskar (avp@kjk.com)
***Counsel for Defendant BlackRock, Inc.***

Brian P. Downey (brian.downey@troutman.com)
***Counsel for Defendant The Vanguard Group, Inc.***

                                        */s/ Rachael L. Israel*
                                        ***Attorney for Defendant Citizens Bank, N.A.***