# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**LANCE J. HARRIS,**

    Plaintiff,

v.

**CITIZENS BANK, et al.,**

    Defendants.

CASE NO. 3:20 CV 2054

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

*Pro se* Plaintiff Lance J. Harris originally filed this action against Citizens Bank on September 14, 2020. In the Complaint, Plaintiff alleges Citizens Bank debited a portion of a previously-deposited check from his account based on a claim the check was forged or counterfeit. *See* Doc. 1. Plaintiff asserts Citizens Bank breached a fiduciary duty to him and denied him due process. He seeks return of the amount debited and punitive damages.

Plaintiff amended his Complaint on October 26, 2020 to add the Vanguard Group, Inc. ("Vanguard") and BlackRock, Inc. ("BlackRock") as Defendants. (Doc. 7). He, however, did not allege facts or assert claims pertaining to these two Defendants. Both Vanguard and Blackrock filed Motions to Dismiss (Docs. 20, 32) arguing (1) Plaintiff failed to establish personal jurisdiction over them, and (2) Plaintiff failed to state a claim against them upon which relief may be granted.

Citizens Bank also filed a Motion to Dismiss (Doc. 25). It asserts its only relationship with Plaintiff was that of a depository institution, which does not create a fiduciary duty. It

further asserts it cannot be held liable for constitutional violations as it is not a government entity.

For the reasons stated below, the Motions to Dismiss (Docs. 20, 25, 32) are granted and this action is dismissed.

## BACKGROUND

Plaintiff alleges he deposited a check for $1,000,000.00 from the United States Treasury in an account at Citizens Bank on February 24, 2020. Plaintiff does not allege facts pertaining to the circumstances under which he came into possession of this check; the account had a zero balance prior to the deposit. In a letter dated April 10, 2020, Citizens Bank notified Plaintiff of a claim from the purported payor that the check was forged or counterfeit. It therefore withdrew the remaining funds from the account ($944,222.73), leaving a zero balance in the account. Plaintiff made several demands for the return of the money, but the bank did not comply. Plaintiff claims Citizens Bank breached its fiduciary duty to him and denied him due process.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what a plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The plaintiff's

obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id*. (internal citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal* further explained the "plausibility" requirement, stating "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A court may consider allegations in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**DISCUSSION**

Vanguard & BlackRock

As an initial matter, Plaintiff fails to state a claim against Vanguard and BlackRock. To meet the minimum notice pleading requirements, the Complaint must give Defendants fair notice of what Plaintiff's legal claims against them are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). In his Amended

Complaint, Plaintiff adds Vanguard and BlackRock as Defendants, but does not allege any facts suggesting their involvement in debiting his account, nor does he assert any legal claims against them. *See* Doc. 7. Merely listing them as Defendants, without more, is not sufficient to state a claim upon which relief may be granted. *See, e.g.*, *Moore v. Michigan*, 2008 WL 724151, at *9 (W.D. Mich.) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").

Citizens Bank

Plaintiff first claims Citizens Bank breached a fiduciary duty by removing funds from his account. A fiduciary relationship is one in which "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *In re Termination of Emp. of Pratt*, 40 Ohio St.2d 107, 115 (1974). A fiduciary duty requires more than the generalized business obligation of good faith and fair dealing. *In re Sallee*, 286 F.3d 878, 891 (6th Cir. 2002). The duty of good faith and fair dealing merely requires parties to "deal fairly" with one another and does not encompass the (often more onerous) burden that requires a party to place the interest of the other party before his own – that attributed to a fiduciary duty. *Id.* Ohio law does not recognize a fiduciary duty between a bank and its customer absent "special circumstances." *PNC Bank v. Oswald*, 2011 WL 1364224, at *2 (N.D. Ohio). The facts alleged suggest at most that Citizens Bank acted as a depository institution with respect to Plaintiff's check. This is insufficient to demonstrate a "special relationship" between Citizens Bank and Plaintiff such that Citizens Bank can be said to owe Plaintiff a fiduciary duty. *See, e.g.*, *Collins v. Nat'l City Bank*, 2003 WL 22971874, at *2 (Ohio App.) (no fiduciary duty owed to a customer by bank which merely acted as a depository

4

institution); *Groob v. KeyBank*, 108 Ohio St.3d 348, 351 (2006) (no special relationship between prospective borrower and bank when parties were dealing at arm's length and looking out for own best interests).

Plaintiff also claims Citizens Bank denied him due process. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys.*, 178 F.3d 1296 (6th Cir. 1999) (table). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes this claim as brought under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element only when that party "acted together with or . . . obtained significant aid from state officials" to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co*., 419 U.S. 345, 352 (1974). And a bank "is not a state actor by virtue of its regulation by the government and participation in the federal reserve system and Federal Deposit Insurance Corporation." *Bailey v. Harleysville Nat'l Bank & Tr.*, 188 F. App'x 66, 68 (3d Cir. 2006); *see also Duke v. Isabella Cty*., 2007 WL 2005042, at *1 (E.D. Mich.) ("a bank is not a state actor, despite its extensive federal and state regulation . . .").

Plaintiff does not allege any facts suggesting Citizens Bank can be considered a state actor to sustain a due process claim under the Fourteenth Amendment.

## CONCLUSION

Accordingly, Defendants' Motions to Dismiss (Doc. 20, 25, 32) are granted and this action is dismissed. Plaintiff's remaining motions (Docs. 9, 21, 22, 23, 26, 28, 31, 33, 34, 37, 38, 39) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE